**William C. THOMPSON, Petitioner–Appellant,**

v.

**COMMISSIONER of INTERNAL REVENUE, Respondent–Appellee.**

No. 11–73535.

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2012.*

Filed July 5, 2012.

William C. Thompson, Portland, OR, pro se.

Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, Patricia Mcdonald Bowman, Trial, John A. Dicicco, Acting Assistant Attorney General, Gilbert Steven Rothenberg, Esquire, Deputy Assistant Attorney General, DOJ–U.S. Department of Justice, William J. Wilkins, Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent–Appellee.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM **

William C. Thompson appeals pro se from the Tax Court's decision dismissing his appeal concerning tax years 1993–2004 and 2006 for lack of subject matter juris-

necessary.

* The panel unanimously concludes this case is suitable for decision without oral argument and, therefore, denies Thompson's request. See Fed. R.App. P. 34(a)(2).

diction. We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo. *Gorospe v. Comm'r,* 451 F.3d 966, 968 (9th Cir.2006). We affirm.

The Tax Court properly determined that it lacked jurisdiction because no notice of determination was issued for the tax years in question. *See* 26 U.S.C. §§ 6320(c), 6330(d)(1) (conferring jurisdiction to the Tax Court for review of a levy or lien notice only after the IRS issues a determination based upon a collection due process hearing concerning the taxable period to which the unpaid tax relates); *Gorospe,* 451 F.3d at 968 (Tax Court's subject matter jurisdiction is statutorily limited by Title 26 of the United States Code).

Thompson's contentions concerning 26 U.S.C. § 7122 are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.